**Beth BOARDMAN, Plaintiff—Appellant,**

v.

**UNITED PARCEL SERVICE GENERAL SERVICES COMPANY, Defendant—Appellee,**

**and**

**United Parcel Service, Defendant.**

**No. 10–2084.**

United States Court of Appeals, Fourth Circuit.

Submitted: Nov. 30, 2011.

Decided: Dec. 6, 2011.

Diane MacArthur Brown, Olsen & Brown, LLC, Niwot, Colorado, for Appellant. Emmett F. McGee, Jr., Paul A. Mallos, Jackson Lewis LLP, Baltimore, Maryland, for Appellee.

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beth Boardman sued her former employer, United Parcel Service General Services Company ("UPSGSC"), alleging that she was terminated because of her gender and age in violation of Title VII of the Civil Rights Act of 1964, as amended, and

the Age Discrimination in Employment Act. The district court granted summary judgment for UPSGSC. For the reasons that follow, we affirm.

We review the district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. *Henson v. Liggett Group, Inc.,* 61 F.3d 270, 275 (4th Cir.1995). A district court is required to enter summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The question to be resolved in ruling on a motion for summary judgment is whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The district court found that Boardman could not establish a prima facie case of gender or age discrimination because she failed to show that she was meeting the legitimate expectations of her employer, *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and that even if Boardman could have established a prima facie case, she failed to show that the employer's reasons for terminating her were pretextual. *Reeves v. Sanderson,* 530 U.S. 133, 151–52, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See Boardman v. United Parcel Serv. Gen. Servs. Co.,* No. 1:09–cv–00962–JFM, 2010 WL 3464280 (D.Md. Aug. 31, 2010). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*